## Leonardziak Liquor License Case.

Argued June 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ

512

*Arthur T. Gilliespie, Jr.,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*James M. Potter,* with him *Samuel R. Liever,* and *Liever, Hyman & Potter,* for appellee.

OPINION BY SPAULDING, J., September 15, 1967:

The Liquor Control Board fined William P. Leonardziak, licensee, $250 for having "maintained gambling devices and/or paraphernalia on the licensed premises . . . on October 18, 1965." At a hearing de novo, the court below excluded the board's only evidence as having been unlawfully obtained and sustained licensee's appeal. The board appeals.

The board concedes that this evidence was acquired by detectives of the Reading Police Department pursuant to an invalid search warrant, and that it was properly suppressed in the Berks County Court of Quarter Sessions at a separate criminal hearing against licensee on August 9, 1966. The board, nevertheless, contends that a liquor license is a privilege and not a property right and that the evidence is admissible in the current Liquor Board citation proceeding. While it is true, "[a]s between the Commonwealth and the licensee . . . the license is simply a personal privilege subject to termination for cause or upon the death of the licensee;" *Feitz Estate,* 402 Pa. 437, 444 (1961), the statute insures that the holder of the license ". . .

may pass on the right to apply for a transfer of the license. . . . a clear recognition that the right to apply for a transfer of the license is a property right," *id.,* at 445, citing *Cochrane v. Szpakowski,* 355 Pa. 357 (1946). There the Court, in decreeing specific performance of a contract to transfer a liquor license, recognized the entailment of property rights stating ". . . this contract involves the transfer and ownership of a retail liquor license, the value of which cannot be accurately determined in an action at law." *Id.,* at 362.

Under *Mapp v. Ohio,* 367 U.S. 643 (1961), evidence obtained by illegal search and seizure is inadmissible in state courts. In *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693 (1965), involving an in rem action by the Liquor Control Board against an automobile used in the illegal transportation of liquor, the Court considered the proceeding "quasi-criminal" and concluded: "Its object, like a criminal proceeding, is to penalize for the commission of an offense against the law. In this case McGonigle, the driver and owner of the automobile, was arrested and charged with a criminal offense. . . . If convicted of any one of the possible offenses involved . . . he would be subject, if a first offender, to a minimum penalty of a $100 fine and a maximum penalty of a $500 fine. In this forfeiture proceeding he was subject to the loss of his automobile, which at the time involved had an estimated value of approximately $1000, a higher amount than the maximum fine in the criminal proceeding. It would be anomalous indeed, under these circumstances, to hold that in the criminal proceeding the illegally seized evidence is excludable, while in the forfeiture proceeding . . . the same evidence would be admissible." *Id.,* at 700-701. (Footnotes omitted.)

Although the record in the instant case does not disclose the exact charge made in the criminal prosecution, the possible offense is a misdemeanor with a maxi-

514

mum fine of $500.[1] It is therefore possible that the fine imposed by the board would have been greater than the penalty resulting from the criminal prosecution.[2]

The purpose of the exclusionary rule is ". . . to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." *Elkins v. United States*, 364 U.S. 206, 217 (1960). The policy of deterring unconstitutional activity by suppressing evidence would not be served if police, after being barred from using evidence against a licensee in a criminal court, could use the identical evidence to punish with equal or greater severity through the machinery of the Liquor Control Board.[3]

The board refers to those sections of the Liquor Code which grant persons properly authorized by the board the right to inspect licensed premises and to search for and seize contraband without a warrant.[4] These are inapplicable here since, in the instant case, no such persons were present during the search by the police.

The decision of the trial court is affirmed.

---

[1] 1939 P. L. 872, §603, 18 P.S. §4603.

[2] The board is authorized to impose a maximum fine of $1000 in lieu of suspension or revocation of the liquor license. Act of January 13, 1966, P. L. (1965) 1301, 47 P.S. §4-471. If licensee refused to pay the fine, the board could revoke or suspend his bond which would have been $2000 in the instant case. Act of April 12, 1951, P. L. 90, 47 P.S. §4-465.

[3] So to conclude is also consistent with existing Supreme Court cases. See, e.g. *Elkins, supra*, wherein the Court discarded the "silver platter" doctrine which had allowed federal judicial use of evidence seized in violation of the Constitution by state agents; *Rea v. United States*, 350 U.S. 214 (1956), which formulated a method to prevent state use of evidence unconstitutionally seized by federal agents by prohibiting them from transferring such evidence to state authorities or testifying in respect thereto in state courts.

[4] Act of April 12, 1951, P. L. 90, §§209, 513, 47 P.S. §§2-209, 5-513.

DISSENTING OPINION BY WRIGHT, J.:

It is not disputed that William P. Leonardziak maintained gambling devices on licensed premises. I would not permit him to evade penalty by improperly extending the *Mapp* exclusionary doctrine to the instant citation proceeding. It has been consistently held in this Commonwealth that a liquor license is a privilege and not a property right. Section 513 of the Liquor Code (47 P.S. 5-513) expressly provides for inspection of licensed premises by duly authorized persons without any search warrant whatever. I would reinstate the Board's order.

ERVIN, P. J., joins in this opinion.