Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board *v.* Mottola's 51 Tavern, Inc., Appellant.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Irwin Paul,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 14, 1978:

Mottola's 51 Tavern, Inc. (licensee) has appealed from an order of the Court of Common Pleas of Philadelphia County which, after a hearing de novo, upheld the imposition of a five hundred dollar fine against the licensee by the Pennsylvania Liquor Control Board (Board). Both the Board and the lower court held that the bartender had had possession of a controlled substance on the licensed premises.

This Court has approved a stipulation between counsel for the licensee and for the Board that a portion of the evidence presented in the lower court was inadvertently omitted from the record; namely, that the parties agree that missing from the record was an order entered in a separate criminal action brought against the bartender for possession of a controlled

substance which suppressed the admission of any evidence seized from him at the time with which we are here concerned. As a result of the omission of this suppression order, the lower court never considered the legal issue of whether or not evidence suppressed by a criminal court may, nevertheless, be admitted as evidence of a violation of the Liquor Code.[1]

Counsel for the Board agreed at oral argument before us that the issue here is controlled by the holding in *Leonardziak Liquor License Case,* 210 Pa. Superior Ct. 511, 233 A.2d 606 (1967). In that case, nearly identical to the present one, gambling paraphernalia seized pursuant to an invalid search warrant and later suppressed by the criminal court was excluded by the lower court in its de novo hearing on a penalty imposed by the Liquor Control Board. Our Superior Court held that the lower court was correct and that evidence obtained by illegal search and seisure must be excluded from consideration in the hearing of an alleged Liquor Code violation:

> The policy of deterring unconstitutional activity by suppressing evidence would not be served if police, after being barred from using evidence against a licensee in a criminal court, could use the identical evidence to punish with equal or greater severity through the machinery of the Liquor Control Board. (Footnote omitted.)

*Leonardziak,* 210 Pa. Superior Ct. at 514, 233 A.2d at 608.

Clearly, both the Board and the lower court erred in imposing a fine on the licensee based upon a finding that the licensee's bartender possessed a controlled substance when evidence of that substance should not

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

have been admitted. The finding here of a Liquor Code violation by the licensee and the imposition of a fine were both improper, and we are compelled, therefore, to reverse the lower court.

## ORDER

AND Now, this 14th day of August, 1978, the order of the Court of Common Pleas of Philadelphia County, dated August 16, 1976, is hereby reversed.