**Michael LOWDEN and Janet Lowden, husband/wife,**

v.

**James C. MURPHY, Individually and as a Police Officer of the Borough of Aldan Police Department.**

**Civ. A. No. 86–275.**

United States District Court, E.D. Pennsylvania.

June 24, 1987.

Linda S. Battistini, Philadelphia, Pa., for plaintiffs.

Joseph P. Selfridge, Philadelphia, Pa., S. Stanton Miller, Media, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiff Michael Lowden's petition for costs, expenses and attorney's fees pursuant to the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988. For the reasons stated herein, plaintiff's petition will be granted in part and denied in part.

FACTS

On June 15, 1984, plaintiffs Michael and Janet Lowden, husband and wife, retained Linda S. Battistini, Esquire to file suit against defendants James C. Murphy ("Murphy") and the Borough of Aldan ("the Borough") for violations of the Civil Rights Act of 1964, 42 U.S.C. § 1983, as well as for state law claims of assault, battery, invasion of privacy, negligent and intentional infliction of emotional distress, and for plaintiff Janet Lowden's claim for loss of consortium. The complaint was filed on January 16, 1986. The prayer for relief included a request for "costs and attorney's fees pursuant to 42 U.S.C. § 1988." On February 17, 1986, defendants made a settlement offer of $5,000.00. That offer was rejected by plaintiffs.

Plaintiffs' § 1983 claim asserted that defendant Police Officer Murphy invaded plaintiffs' privacy in answering a police radio call of a domestic disturbance at plaintiffs' residence and that once defendant Murphy was inside plaintiffs' residence he used excessive force in arresting plaintiff Michael Lowden.

Pursuant to Local Civil Rule 8, the case was tried before a three member arbitration panel which, on August 27, 1986, made an award in favor of all defendants. Plaintiffs timely filed a demand for a trial *de novo* pursuant to Local Civil Rule 8(7).

The case was tried before a jury from December 15 to December 17, 1986, and was submitted to the jury by way of interrogatories on which to record the verdict. On December 16, 1986, before the case went to the jury, the court granted defendant Borough of Aldan's motion for nonsuit, and judgment was entered in favor of the Borough and against plaintiffs Michael and Janet Lowden. The negligent and intentional infliction of emotional distress claims also did not go to the jury. On December 17, 1986, the jury answered the interrogatories and rendered a verdict of $622.00 of compensatory damages and no punitive damages in favor of plaintiff Michael Lowden and against defendant Murphy. This verdict was based on the jury's finding that defendant Murphy violated plaintiff Michael Lowden's civil rights by using excessive force on him, but did *not* violate plaintiff Michael Lowden's civil rights by invading his privacy. The jury also found that defendant Murphy committed assault and/or battery upon plaintiff Michael Lowden. The jury also rendered a verdict in favor of defendant Murphy and against plaintiff Janet Lowden. Judgment was entered on these verdicts on December 17, 1986. On January 8, 1987, the court denied plaintiffs' motion for a new trial on the issue of damages.

Plaintiff filed a request for attorney's fees of $22,883.33 under 42 U.S.C. § 1988, which provides that a prevailing party in a § 1983 action may be awarded attorney's fees "as part of the costs." The $22,883.33 claimed as attorney's fees includes fees for work performed after the $5,000.00 pretrial settlement offer. Plaintiff also seeks $3,041.34 in costs other than attorney's fees from defendant. Defendant requests the court to decline to award these latter

post-settlement offer costs and attorney's fees pursuant to Rule 68 of the Federal Rules of Civil Procedure.

DISCUSSION

Title 42 U.S.C. § 1988 provides that: "In any action or proceeding to enforce a provision of section [ ] ... 1983 ... the court, in its discretion, may allow the *prevailing* party ... a *reasonable* attorney's fee as part of the costs." (Emphasis added).

The legal issue raised by plaintiff's instant petition is identical to that addressed by the United States Supreme Court in *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985): "... whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer." *Id.* at 3, 105 S.Ct. at 3014.

> Rule 68 provides that if a timely pretrial offer of settlement is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay *the costs incurred after the making of the offer."* (Emphasis added.) The plain purpose of Rule 68 is to encourage settlement and avoid litigation. Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 433, 483, n. 1 (1946), 28 U.S.C. App., p. 637; *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352 [101 S.Ct. 1146, 1150, 67 L.Ed.2d 287] (1981). The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.

*Id.* at 5, 105 S.Ct. at 3015.

Rule 68 does not require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs. *Id.* at 6, 105 S.Ct. at 3015. "As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." *Id.* Thus, the $5,000.00 settlement offer in this case was valid under Rule 68.

Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a § 1983 action, the Court in *Marek* held that such fees are subject to the cost-shifting provision of Rule 68. *Marek, supra,* 473 U.S. at 9, 105 S.Ct. at 3017. The Court went on to state:

> To be sure, application of Rule 68 will require plaintiffs to "think very hard" about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates. This effect of Rule 68, however, is in no sense inconsistent with the congressional policies underlying § 1983 and § 1988. Section 1988 authorizes courts to award only "reasonable" attorney's fees to prevailing parties. In *Hensley v. Eckerhart,* [461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ], we held that "the most critical factor" in determining a reasonable fee "is the degree of success obtained." *Id.,* at 436 [103 S.Ct. at 1941]. We specifically noted that prevailing at trial "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Ibid.* In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the post-offer services of his attorney.

*Id.* at 11, 105 S.Ct. at 3018.

In the instant case the $22,883.33 in post-offer legal services resulted in a net recovery from the jury of $939.80 *less* than defendants' pre-trial settlement offer would have produced. The computation to arrive at this figure is as follows:

| | | |
|---|---|---|
| (1) | Defendants' pre-trial settlement offer | $5,000.00 |
| (2) | Plaintiff Michael Lowden's attorney's fees and costs 1 at time of pre-settlement offer | − 3,438.20 |

---

1. Since the parties could not agree as to plaintiff Michael Lowden's pre-settlement offer attorney's fees and costs, the court had to decide that amount. From the $4,825.00 which plaintiff

claims as pre-settlement offer fees the court subtracted those portions of that fee which are not properly recoverable in light of the ultimate outcome as reflected by the jury's verdict. Any

(3) Plaintiff's net recovery if settlement accepted $= \$1,561.80$

(4) Verdict $\underline{- \quad 622.00}$

(5) Loss to plaintiff for not accepting settlement $= \$ \ 939.80$

Thus, plaintiff received *no* monetary benefits from the post-offer services of his attorney. The timely settlement offer therefore stopped the running of plaintiff's attorney's fees and costs. Accordingly, the court holds that defendant Murphy is not liable for costs of $22,491.47 [computation: (post-offer fees—$22,888.33) plus (post-offer costs—$3,041.34) minus (pre-offer fees and costs—$3,438.20) equals $22,491.47] unreasonably incurred by plaintiff after defendants' reasonable offer of settlement. Defendant Murphy is liable for the $3,438.20 in pre-settlement offer fees and costs reasonably incurred by plaintiff.

An appropriate Order will be entered.

fees for work on (1) Mrs. Lowden's unsuccessful claim for loss of consortium; (2) Mr. Lowden's claim for invasion of privacy; and (3) the abandoned claim against the municipality, the Borough of Aldan, must be subtracted from the $4,825.00 which plaintiff claims represents his pre-settlement offer attorney's fees. The reason for these deductions is because plaintiff was not the prevailing party on those claims. Plaintiffs' counsel states that she would be "willing to stipulate" to reduce the $4,825.00 by $300.00 (representing 3 hours work) in order to adjust the pre-settlement offer fees for the time spent on plaintiffs' claims for invasion of privacy and loss of consortium. This brings the pre-settlement offer attorney's fees to $4,525.00. All fees for work done in pursuit of the claim against the municipality for which the plaintiff was not the "prevailing party" must also be subtracted from the $4,525.00 pre-settlement offer attorney's fees. This includes fees for review of the transcripts of the *DeBaradinis* criminal trial which amounted to at least $1,245.00 for 12 hours and 45 minutes work done on August 14, 15, 21 and 24, 1984. *See* Exhibit A ("Daily Activity Sheet") to plaintiff's "Petition for Costs, Expenses and Attorney's Fees." This brings the pre-settlement offer attorney's fees to $3,280.00. Costs in the amount of $163.20 must be added to the $3,280.00 pre-settlement offer allowable attorney's fees. From that amount of $163.20,

however, $5.00 must be deducted since it was the cost for a copy of the docket in the *DeBaradinis* case, which was used in plaintiffs' Answer to defendant Borough of Aldan's summary judgment motion. This adjustment brings the allowable costs not including attorney's fees to $158.20 (= $163.20 – $5.00). Adding the $158.20 to the $3,280.00 pre-settlement offer allowable attorney's fees brings the total allowable pre-settlement offer costs including attorney's fees to $3,428.20. The summary of this computation is as follows:

(1) Plaintiff's claim as to pre-settlement offer attorney's fees — $4,825.00

(2) Attorney's fees for work on plaintiffs' claims for invasion of privacy and loss of consortium $\underline{- \quad 300.00}$

$4,525.00

(3) Attorney's fees for work on the abandoned claims against the Borough $\underline{- \quad 1,245.00}$

$3,280.00

(4) Pre-settlement offer costs not including attorney's fees $\underline{+ \quad 158.20}$