James **LAWRENCE**

v.

**CITY OF PHILADELPHIA, et al.**

Civ. A. No. 86–4254.

United States District Court,
E.D. Pennsylvania.

Jan. 21, 1988.

Howard J. Kaufman, Frank A. Gerolamo, Philadelphia, Pa., for plaintiff.

Roger Gordon, Chief Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff James Lawrence alleges a cause of action under 42 U.S.C. Section 1983 as well as pendent state claims for false imprisonment, assault and battery, malicious prosecution, and unlawful search and seizure against the City of Philadelphia and six individual officers. Presently pending before this Court is plaintiff's motion for summary judgment against the six individual officers as to his federal cause of action.

### I.

Summary judgment is appropriately entered if the moving party demonstrates to the court that no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. In determining whether the movant has met his burden, the court is required to inquire "whether the evidence presents a significant disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Disposition of the matter by summary judgment is inappropriate, however, where the evidence in the record re-

veals a genuine issue as to a material fact. "Even if the preponderance of the evidence should appear to lie on the moving party's side, the court's function is not to decide issues of fact, but only to determine whether any issue of fact exists to be tried." *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

In moving for summary judgment, the moving party is required to identify for the trial court those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the opposing, non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts" but, rather, must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In reaching its ruling on a motion for summary judgment, the court must view all inferences in the light most favorable to the non-moving party and resolve all doubts against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 178 (1962).

## II.

The material facts concerning which there is no genuine issue are as follows: Plaintiff was president-steward of the "Robert Foerderer Leather Workers' Association" (the "Club"), a "club" as that word is defined by the Pennsylvania Liquor Code. 47 Pa.C.S.A. Section 1–102. On the morning of April 11, 1986, after individuals were observed exiting the club after the curfew for serving liquor, the individual officers attempted to enter the club in order to perform an inspection. The officers were denied entry and departed. The following morning, April 12, 1986, the officers again sought entrance to the club. The officers did not have a search warrant and were not accompanied by any agents of the Liquor Control Board ("LCB"). The officers were admitted into a small vestibule area where they informed the doorman that they had come to inspect the club for Liquor Code violations. Plaintiff James Lawrence refused to permit the officers to enter the club and was, as a result, placed under arrest and charged with violation of 47 Pa.C.S.A. Section 4–493(21)—"Refusing the Right of Inspection". The officers proceeded to perform an inspection and search of the club which revealed no violations of the Liquor Code. Charges against Mr. Lawrence were subsequently dropped.

As of the date of the incident in question, April 12, 1986, the Liquor Code of the Commonwealth of Pennsylvania, authorized warrantless searches of liquor licensed establishments by "employees of the board [who] are designated enforcement officers or investigators". 47 Pa.C.S.A. Section 2–209. The statute provided in pertinent part:

Such employees of the board as are designated "enforcement officers" or "investigators" are hereby declared to be police officers and are hereby given police power and authority throughout the Commonwealth to arrest on view, except in private homes, without warrant, any person engaged in the unlawful sale, importation, manufacture or transportation, or having unlawful possession of liquor, alcohol or malt or brewed beverages, contrary to the provisions of this act or any other law of this Commonwealth. Such officers and investigators shall have power and authority, upon reasonable and probable cause, to search for and to seize without warrant or process, except in private homes, any liquor, alcohol and malt or brewed beverages unlawfully possessed, manufactured, sold, imported or transported ...

47 Pa.C.S.A. Section 2–209. In addition, 47 Pa.C.S.A. Section 4–493(21) provided for criminal penalties for refusing to permit inspections:

It shall be unlawful—

.    .    .    .    .

(21) For any licensee, or his servants, agents or employees, to refuse the [Pennsylvania Liquor Control] board or any of its authorized employees the right

to inspect completely the entire licensed premises at any time during which the premises are open for the transaction of business, or when patrons, guests or members are in that portion of the licensed premises wherein either liquor or malt or brewed beverages are sold.

47 Pa.C.S.A. Section 4–493(21). It was this statutory provision that plaintiff was charged with violating.

### III.

■ Plaintiff argues that based upon the material facts concerning which there is no genuine issue, he is entitled to summary judgment as to Count I of his Complaint on the ground that defendant Philadelphia police officers violated plaintiff's fourth and fourteenth amendment rights by both conducting a warrantless search of plaintiff's club and unlawfully arresting him. Defendants oppose plaintiff's motion on the ground that because they are "enforcement officers" as defined by 47 Pa.C.S.A. Section 2–209, they are authorized to both conduct warrantless searches of liquor licensed establishments and arrest individuals who violate 47 Pa.C.S.A. Section 4–493(21) by refusing the right of inspection. Thus, this Court is required to determine whether the Pennsylvania Liquor Code authorized officers of the Philadelphia Police Department to conduct warrantless searches of liquor licensed establishments.

When required to interpret or apply state law, federal courts must consider and accept the decisions of the state's highest court as the ultimate authority regarding state law. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 (3d Cir. 1985); *Connecticut Mutual Life Insurance Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir.1983). When, however, as here, the highest court of the state has not authoritatively addressed the issue, "our disposition of such cases must be governed by a prediction of how the state's highest court would decide were it confronted with the problem." *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 661 (3d Cir. 1980), *See also Becker v. Interstate Properties*, 569 F.2d 1203, 1205 (3d Cir.1977). In so doing, the federal court must give "proper regard" to the relevant rulings of other courts within the state. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). *See also Erie Castings Co. v. Grinding Supply, Inc.*, 736 F.2d 99, 100 (3d Cir.1984); *Connecticut Mutual Life Insurance Co. v. Wyman, supra*, 718 F.2d at 65.

The only Pennsylvania decision directly addressing the applicability of the Pennsylvania Liquor Code to police officers, *Pennsylvania Liquor Control Board v. Leonardziak*, 210 Pa.Super. 511, 233 A.2d 606 (1967), explicitly limited the applicability of the provisions of the Liquor Code to LCB agents. In suppressing evidence seized, without warrant, by police officials from a liquor licensed club, the Superior Court stated:

> The board refers to those sections of the Liquor Code which grant persons properly authorized by the board the right to inspect licensed premises and to search for and seize contraband without a warrant. These sections are inapplicable here since, in the instant case, *no such persons were present during the search by police.*

233 A.2d at 608 (emphasis added). Similarly, the Pennsylvania Superior Court, in *Commonwealth v. Runkle*, 287 Pa.Super. 422, 430 A.2d 676, 679 (1981) upheld the right of "authorized agents of the PLCB" to conduct warrantless searches of liquor licensed clubs. *See also Fraternal Order of Police v. Commonwealth of Pennsylvania Labor Relations Board*, 71 Pa. Cmwlth. 316, 454 A.2d 686, 688 (1983) (acknowledging statutorily proscribed authority of Liquor Control Board enforcement officers). Based upon these decisions and the plain meaning of the language of the statute, this Court predicts that the Pennsylvania Supreme Court, were it confronted with the issue, would hold that the Liquor Code provisions authorizing warrantless searches of liquor licensed establishments apply only to "employees of the board [who] are designated enforcement officers or investigators" and not to officers of the Philadelphia Police Department.

Because the defendant police officers are not statutorily authorized to perform warrantless searches, their search was *per se* unreasonable and violative of plaintiff's fourth amendment rights unless, of course, exigent circumstances existed which justified the warrantless search. *Vale v. Louisiana,* 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed. 2d 409 (1970); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In this case, however, the defendant police officers have failed to identify anything in the record indicating the existence of exceptional or exigent circumstances. Indeed, the record reveals that the police officers, who were present at the club the day before and observed alleged violations of the Liquor Code, had ample opportunity to secure a warrant for their search of the club on April 12, 1986. Thus, nothing in the record supports a showing by the defendants, upon whom the burden rests, that exigent circumstances justified the warrantless search. *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).

Inasmuch as this Court has determined that the Pennsylvania Liquor Code, prior to its amendment in 1987, only authorized warrantless searches by "employees of the board [who] are designated enforcement officers or investigators", this Court will not address plaintiff's contention that the administrative search scheme authorized by the Pennsylvania Liquor Code in 1986 was unconstitutional. *See Colonnade Catering Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). Indeed, it is well established that federal courts should avoid passing on constitutional issues if the case can be resolved on another basis. *Gavin v. Peoples Natural Gas Company,* 613 F.2d 482, 484 (3d Cir.1980). *See also Hagans v. Lavine,* 415 U.S. 528, 543, 94 S.Ct. 1372, 1382, 39 L.Ed.2d 577 (1974).

██ Plaintiff further alleges that because the defendant police officers lacked probable cause to arrest him, the arrest was violative of his constitutional rights.

It is, of course, well established that a Section 1983 action and recovery may be premised upon an arrest lacking probable cause. *See Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Patzig v. O'Neil,* 577 F.2d 841, 848 (3d Cir. 1978).

The statute which plaintiff was charged with violating specifically made it unlawful:

For any licensee, or his servants, agents or employees, to refuse the [Pennsylvania Liquor Control] board or any of its authorized employees the right to inspect completely the entire licensed premises at any time during which the premises are open for the transaction of business, or when patrons, guests or members are in that portion of the licensed premises wherein either liquor or malt or brewed beverages are sold.

47 Pa.C.S.A. Section 4–493(21). As heretofore pointed out, the Pennsylvania Superior Court in 1967 in *Leonardziak, supra,* made clear that the Pennsylvania Liquor Code, prior to its amendment in 1987, did not authorize police officers to conduct warrantless searches of liquor licensed establishments. Accordingly, this Court concludes that, as a matter of law, the defendant police officers lacked probable cause to arrest plaintiff for his refusal to permit the police officers to enter and inspect the club. Thus, plaintiff's constitutional rights were violated. While defendant police officers did not raise the good faith defense in their opposition to the motion for summary judgment, it would appear that the good faith defense would be inapplicable as a matter of law inasmuch as when the law is clearly established, the good faith defense is not available. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In 1987 the Pennsylvania legislature amended the above discussed provisions of the Pennsylvania Liquor Code. *See* Liquor Code, H.B. No. 1000, Act No. 1987–14, 2 Pa.Leg.Serv. 87–21 (Purdon's 1987). The provision authorizing warrantless searches now reads:

There is created within the Pennsylvania State Police a Bureau of Liquor Control Enforcement which shall be responsible

for enforcing this act and any regulations promulgated pursuant thereto. Officers and investigators assigned to the bureau shall have the power and their duty shall be:

.    .    .    .    .

(2) To arrest on view, except in private homes, without warrant, any person, actually engaged in the unlawful sale, transportation, manufacture or transportation or having unlawful possession of liquor, alcohol or malt or brewed beverages contrary to the provisions of this act or any other law of the Commonwealth.

(3) Upon reasonable and probable cause, to search for and seize, without warrant or process, except in private homes, any liquor, alcohol or malt or brewed beverages unlawfully possessed, manufactured, sold, imported or transported ...

47 P.S. Section 2–211(a)(2) and (3).

IV.

In summary, this Court concludes that the warrantless search of plaintiff's club and his unlawful arrest by defendant Philadelphia police officers violated plaintiff's constitutional rights. Therefore, this Court will grant plaintiff's motion for summary judgment on Count I of his Complaint against the named individual officers.

ORDER

AND NOW, this 21st day of January, 1988, for the reasons stated in this Court's Memorandum of January 21, 1988,

IT IS ORDERED that plaintiff's motion for summary judgment on Count I against defendants George Chronister, Sergeant MacIntosh, Officer Kowalski, Officer Henderson, Officer Janda and Officer Hebding, is GRANTED as to liability only; and

IT IS FURTHER ORDERED that damages in connection with Count I will be determined at trial.