James **LAWRENCE**

v.

**CITY OF PHILADELPHIA, et al.**

Civ. A. No. 86–4254.

United States District Court,
E.D. Pennsylvania.

Dec. 9, 1988.

---

Howard J. Kaufman, Kittredge, Kaufman & Donley, Philadelphia, Pa., for plaintiff.

Seymour Kurland, City Sol., Miriam B. Brenaman, Chief Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff James Lawrence alleged a cause of action under 42 U.S.C. § 1983 as well as pendent state claims for false imprisonment, assault and battery, malicious prosecution, and unlawful search and seizure against the City of Philadelphia and six individual police officers. Plaintiff, the president-steward of a private liquor licensed establishment, claimed that members of the Philadelphia Police Department illegally searched his establishment and unlawfully arrested him. By Order dated January 21, 1988, this Court granted partial summary judgment as to the § 1983 cause of action against the individual police officers, finding that the search and plaintiff's arrest were unconstitutional. 676 F.Supp. 644. On March 16, 1988, defendants submitted a written settlement offer of $15,000.00 which was rejected by plaintiff. The parties agreed to the dismissal of the § 1983 cause of action against defendant City of Philadelphia. Subsequently, this Court dismissed all state causes of action without prejudice to plaintiff litigating said claims in state court. The issue of damages in connection with the § 1983 action against the individual officers was tried before a jury from May 1, 1988 through May 3, 1988, resulting in a verdict for plaintiff in the amount of seven hundred forty dollars ($740.00). Presently pending before this Court is plaintiff's motion for award of attorneys' fees in the amount of $16,248.00 and costs in the amount of $1,236.20, for a total award of $17,484.20.

I.

In a case brought under § 1983, "... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." 42 U.S.C. § 1988. As the Supreme Court stated in *Hensley v. Eckerhart:*

> The purpose of § 1983 is to ensure 'effective access to the judicial process' for persons with civil rights grievances. Accordingly, a prevailing party 'should ordinarily recover an attorneys' fee unless special circumstances would render such an award unjust.' (citations omitted)

461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). *See also New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978). The initial estimate of a reasonable attorneys' fee, commonly referred to as the "lodestar," is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 889, 104 S.Ct. 1541, 1544, 79 L.Ed. 2d 891 (1984). The trial court, therefore, is required to "exclude from this initial fee calculation hours that were not reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. at 434, 103 S.Ct. at 139–40.

The Supreme Court has identified factors which might properly lead the district court to adjust the lodestar figure upward or downward. *Id.* First, in situations where, as in the instant case, the prevailing plaintiff has succeeded on only some of his claims, an award of fees for time expended on unsuccessful claims may not be appropriate. *Id.* at 436, 103 S.Ct. at

1941. In such situations, the trial court "should consider whether or not the plaintiff's unsuccessful claims were related to claims on which he succeeded, and whether the plaintiff achieved a level of success that makes it appropriate to award attorneys' fees for hours reasonably expended on unsuccessful claims." *City of Riverside v. Rivera,* 477 U.S. 561, 568, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986) (plurality opinion). As the Supreme Court stated in *Hensley v. Eckerhart:*

> In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

461 U.S. at 435, 103 S.Ct. at 1940. Accordingly, "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee" and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.*

■ Second, the Supreme Court has rejected the proposition "that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera,* 106 S.Ct. at 2694. *See also Cunningham v. City of McKeesport,* 807 F.2d 49, 52–54 (3d Cir.1986). Indeed, Justice Brennan, in his opinion announcing the judgment of the Court in *City of Riverside v. Rivera,* determined that proportionality was not a requirement for the Court in determining the lodestar:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts.... In order to ensure that lawyers would be willing to represent persons with legitimate

civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.

477 U.S. at 578, 106 S.Ct. at 2696. Moreover, unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms. *See Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053–55, 55 L.Ed.2d 252 (1978). Accordingly, the Third Circuit, in *Cunningham v. City of McKeesport,* has determined that "[i]n the absence of an explicit mandate, we are reluctant to begin the difficult task of developing standards by which we might incorporate proportionality principles into the attorney's fee calculus." 807 F.2d at 54.

## II.

■ As heretofore pointed out, plaintiff only prevailed on its § 1983 claim against the individual police officers. Both his § 1983 claim against the City of Philadelphia and his pendent state claims were dismissed. In addition, plaintiff only recovered damages in the modest amount of $740.00. Based upon these results, plaintiff's request for attorneys' fees in the amount of $16,248.00 and reimbursement for costs in the amount of $1,236.20 might appear, at first glance, to be unreasonably high. However, based upon a review of the record, this Court concludes that it would be inappropriate to adjust the lodestar downward either to account for the fact that the plaintiff prevailed on only one of his claims on because of the limited size of the damage award.

We find, first, that all of the claims asserted by plaintiff, each of which were vigorously opposed by defendants, were inexorably interrelated. All of the claims were based on the common core of facts surrounding the warrantless search of plaintiff's establishment and his arrest on April 11 and 12, 1986. The claims on which plaintiff did not prevail (e.g., § 1983 claim against the City of Philadelphia, false imprisonment, unlawful search and seizure) were closely related to the § 1983 claim

against the individual police officers in which plaintiff did prevail. As stated by the Third Circuit in *Hughes v. Repko:*

> Implicit in our analysis is the recognition that legal services fairly devoted to successful claims are compensable even though the very same legal services also supported the prosecution of the unsuccessful claims.

578 F.2d 483 at 487 (3d Cir.1978). The time devoted by the plaintiff to the pendent state claims and the § 1983 action against the City cannot reasonably be separated from the time devoted to the § 1983 action against the individual police officers. Thus, we conclude that because the lawsuit cannot and should not be viewed as a series of discrete claims, we must focus on the significance of the overall relief obtained by the plaintiff. *See Hensley v. Eckerhart,* 461 U.S. at 435, 103 S.Ct. at 1940.

We are guided by the Supreme Court's rejection of "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon" in determining the significance of the overall relief obtained by the plaintiff. *Id.* at 435, n. 11, 103 S.Ct. at 1940, n. 11. *See also United States Steel Corporation v. United States,* 519 F.2d 359 (3d Cir.1975); *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). We further reject the notion that the amount of damages awarded necessarily represents the public benefit advanced by civil rights litigation. *City of Riverside v. Rivera,* 106 S.Ct. at 2694–95. Congress has expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit "does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest importance." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). Not only does a prevailing plaintiff address past constitutional abuses but also deters future civil rights violations; a point made by the Second Circuit in *McCann v. Coughlin:*

> A plaintiff who is successful in establishing certain practices as violative of his constitutional rights will deter officials from continuing this conduct and thereby help assure that others are not subject to similar constitutional deprivations. This deterrent effect of successful § 1983 actions is wholly independent of the relief which the plaintiff seeks or is ultimately awarded, and therefore it is inappropriate to condition attorney's fee awards on the nature of the relief granted.

698 F.2d 112, 129 (2d Cir.1983).

In this action, a case of first impression, plaintiff, over the vigorous opposition of defendant City of Philadelphia, established that the longstanding practice of Philadelphia police officers, unaccompanied by agents of the Liquor Control Board, of engaging in warrantless searches of liquor licensed establishments, was unconstitutional. While the relief granted was technically limited to vindicating plaintiff Lawrence's Fourth and Fourteenth Amendment rights, "the mere fact that a constitutional right is singular in nature cannot be determinative" in evaluating the public interest served by a civil rights suit." *Cunningham v. City of McKeesport,* 807 F.2d at 54. We find that counsel for plaintiff demonstrated commendable skill and experience in handling this case which resulted in an outstanding level of success, to wit, the full vindication of important constitutional rights. In view of the level of success attained in this case, we conclude that the plaintiff's attorney should recover a fully compensatory fee.

### III.

■ Counsel for plaintiff seeks an award of fees and expenses against defendant in the total amount of $17,484.20. While plaintiff documented, through the submission of computer billing reports, a total of four hundred fifty two (452) hours expended by his attorneys in the case, plaintiff, after eliminating possible duplication of time, bases his claim for fees on a total of two hundred four and seven tenths (204.7) hours. We conclude, therefore, that plaintiff's counsel exercised the necessary "billing judgment" by making a "... good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Ecker-*

*hart,* 461 U.S. at 434, 103 S.Ct. at 1939–1940. The fee request includes services performed by Howard Kaufman, Esquire at the hourly rate of $150.00 (1986), $165.00 (1987), and $175.00 (1988); Frank Gerolamo, Esquire at the hourly rate of $75.00 (1986), $80.00 (1987); and $85.00 (1988); and Jonathan Myers, Esquire at the hourly rate of $65.00 (1986) and $70.00 (1987). These rates are the actual billing rates of the attorneys involved. Absent extraordinary circumstances not present in this case, an attorney's market rate charged to private clients is generally accepted as his reasonable rate for fee awards. *See Student Public Interest Research Group v. AT & T Bell Lab,* 842 F.2d 1436, 1442, 1445 (3d Cir.1988); *Hall v. Borough of Roselle,* 747 F.2d 838, 841 (3d Cir.1984); *Meisel v. Kremens,* 80 F.R.D. 419, 421 (E.D.Pa.1978) (Higginbotham, Jr., Cir. J., sitting by designation). In addition, plaintiff seeks an award of fees for preparation of the fee petition. *See Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 924 (3d Cir.1985). We find that a fee of $725.00 for preparation of the fee petition (based on 5.8 hours of work by Elliot Platt, Esq. at his regular market rate of $125.00 per hour) would be reasonable. Necessary and reasonable expenses are sought by plaintiff in the amount of $1,236.20 for filing, discovery and witness fees.

Defendants, however, ask this Court to subtract from the requested $17,484.20 attorney's fees and costs, all such fees and costs generated subsequent to defendants' March 16, 1988 settlement offer. We will so do.

It is well established that a civil rights defendant is not liable for attorney's fees and costs incurred after a pretrial settlement offer, where the judgment recovered by the plaintiff is less than the offer. *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 3014–15, 87 L.Ed.2d 1 (1985); *Grosvenor v. Brienen,* 801 F.2d 944, 945 (7th Cir.1986); *See also Delta Airlines, Inc. v. August,* 450 U.S. 346, 351–56, 101 S.Ct. 1146, 1149–52, 67 L.Ed.2d 287 (1981). The underlying rationale was provided by the Supreme Court in *Marek v. Chesny:*

Section 1988 authorizes courts to award only "reasonable" attorney's fees to prevailing parties ... we held that the "most critical factor" in determining a reasonable fee "is the degree of success obtained." ... In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the post-offer services of his attorney.

473 U.S. at 11, 105 S.Ct. at 3017. In determining whether the result is more favorable to the plaintiff than the offer he rejected, the attorney's fees and costs that accrued before the offer must be added to the judgment. *Id.; Grosvenor v. Brienen,* 801 F.2d at 946–48; *Lowden v. Murphy,* 664 F.Supp. 966, 968–69 (E.D.Pa.1987).

On March 16, 1988, defendants submitted a valid written settlement offer which stated in its entirety:

Please be advised that the named police defendants in this case hereby offer $15,000.00 in full and complete settlement of Mr. Lawrence's claim including attorney's fees.

As of the date of the settlement offer, the plaintiff had incurred $1,236.20 in costs and $12,639.00 in attorneys' fees. Subsequent to the settlement offer, plaintiff incurred an additional $3,609.00 in attorneys' fees. As previously stated, plaintiff received a judgment in the amount of $740.00. Thus, the total of plaintiffs pre-offer attorneys' fees and costs plus the judgment equals $14,615.20, $384.80 less than the settlement offered by defendants. Accordingly, pursuant to *Marek v. Chesny, supra,* because plaintiff's judgment (including pre-offer attorneys' fees and costs) was less than the settlement, defendant is not liable for attorneys' fees and costs incurred after the settlement offer (equalling $3,609.00). The Court must, therefore, subtract $3,609.00 from the requested $17,484.20 and issue an award of $13,875.20 in attorneys' fees and costs.