986 F.2d 689
 24 Fed.R.Serv.3d 1173
 Derek MARRYSHOW, Plaintiff-Appellee,
v.
James FLYNN, Individually and in his capacity as a Police
Sergeant; Matthew Rhomba, Individually and in his
capacity as a Bladensburg Police
Officer, Defendants-Appellants,
and
Town of Bladensburg; Ben Stephenson, Individually and in
his capacity as Mayor; Eric Morsicato, Individually and in
his capacity as Town Administrator; Robert Zidek,
Individually and in his capacity as Chief of Police;
Charles Cowling, Individually and in his capacity as a
Bladensburg Police Officer, Defendants.
 No. 92-1348.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 29, 1992.
Decided Feb. 4, 1993.
 
 Daniel Karp, Allen, Johnson, Alexander & Karp, Baltimore, MD, argued, for defendants-appellants.
 Marlon S. Charles, Charles & Prince, Washington, DC, argued, for plaintiff-appellee.
 Before PHILLIPS, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 NIEMEYER, Circuit Judge:
 
 
 1
 Following a five-day trial, a jury awarded Derek Marryshow $7,500 in compensatory damages and $7,000 in punitive damages on his suit brought under 42 U.S.C. § 1983 against James Flynn and Matthew Rhomba, members of the Bladensburg, Maryland police department, for use of excessive force in connection with a false arrest. The court thereafter awarded Marryshow attorney's fees and costs of $24,892 under 42 U.S.C. § 1988. This appeal challenges the award of attorney's fees and costs.
 
 
 2
 Two weeks before trial Flynn and Rhomba offered to settle the case with Marryshow, pursuant to Fed.R.Civ.P. 68, by entry of judgment for damages, attorney's fees, and costs in the amount of $20,000. They now allege that they are entitled to shift the post-offer costs, including attorney's fees, to Marryshow because the judgment ultimately entered was not more favorable to Marryshow than the offer of judgment. Flynn and Rhomba also contend that the trial court's award of attorney's fees should have been disallowed because the petition was not timely filed under D.Md.R. 109.2 and, alternatively, because the award was excessive. Because we conclude that Rule 68 was not improperly applied and the magistrate judge did not abuse his discretion in awarding attorney's fees, we affirm.
 
 
 3
 * Two weeks before trial, which began on January 6, 1992, the defendants offered Marryshow "to allow judgment to be taken against them in this action for a total sum, to include all costs now accrued and attorney's fees, of $20,000," in accordance with Fed.R.Civ.P. 68. The offer was refused. The jury rendered a verdict in favor of Marryshow totaling $14,500, and the court awarded attorney's fees of $20,808 and costs of $4,084. The judgment, including allowed attorney's fees and costs, totalled $39,392.
 
 
 4
 At the time of the offer of judgment, time records of Marryshow's attorney revealed that slightly over 105 hours had been expended on pre-trial preparation. When that time is valued at $175 per hour, the rate claimed by Marryshow's attorney to be reasonable, fees then accrued amounted to over $18,000. When the pre-offer hours are valued as the court ultimately allowed, i.e. at $125 per hour and reduced overall by 10%, slightly more than $11,800 would be attributed to fees as of the date of the offer. Marryshow contends that, however valued, pre-offer attorney's fees must be added to the jury verdict to compare the judgment obtained with the offer of judgment. When that is done, using either value for his pre-offer attorney's fees, the sum exceeds defendant's offer of $20,000 and accordingly, Marryshow contends, post-offer fees should not be shifted under Rule 68.
 
 
 5
 Defendants contend that their $20,000 offer was "nearly 40% more than the amount Marryshow received by verdict ... and [Marryshow] is therefore not entitled to an award of costs or fees incurred after the $20,000 offer of judgment was made." They argue that by virtue of the plain language of Rule 68 "the offer should simply be compared to the amount of the judgment without any adjustments" for costs. They acknowledge that they have no authority to support the position. But cf. 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case, and upon allowance, included in the judgment or decree" (emphasis added)).
 
 
 6
 Rule 68, a cost-shifting rule adopted to encourage parties to settle and avoid the costs of litigation, provides that at any time more than ten days before trial a defendant may invoke the rule by offering "to allow judgment to be taken against [the defendant]" in a specified amount with costs "then accrued." If the plaintiff rejects the offer and "[i]f the judgment finally obtained by the [plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.
 
 
 7
 The "costs" that may be shifted have already been interpreted to include attorney's fees, a holding that has heightened interest in Rule 68. In Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court held that costs which are shifted under Rule 68 include all costs properly awardable under relevant substantive statutes, including statutes which define costs to include attorney's fees. Id. at 9, 105 S.Ct. at 3016-17. Here, as in Marek, the relevant statute is the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), which provides that the prevailing party may be allowed "a reasonable attorney's fee as part of the costs." (Emphasis added); cf. Farrar v. Hobby, --- U.S. ----, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Accordingly, if a defendant in a civil rights case makes an offer to allow judgment, including costs then accrued, to be entered in an amount that is determined to be more favorable than the judgment that the plaintiff ultimately obtains, attorney's fees that otherwise might be included in post-offer costs by reason of 42 U.S.C. § 1988 can be avoided by the defendant. The particular question presented here focuses on whether these post-offer attorney's fees allowable under § 1988 should be considered when making the threshold comparison between the offer of judgment and the judgment obtained that triggers the cost shifting rule.
 
 
 8
 Rule 68 requires that a comparison be made between an offer of judgment that includes "costs then accrued" and the "judgment finally obtained." It is neither logical nor consistent with the rule and applicable authority to compare an offer of judgment which includes all costs, including attorney's fees, and a judgment finally obtained which includes no costs. To make a proper comparison between the offer of judgment and the judgment obtained when determining, for Rule 68 purposes, which is the more favorable, like "judgments" must be evaluated. Because the offer includes costs then accrued, to determine whether the judgment obtained is "more favorable," as the rule requires, the judgment must be defined on the same basis--verdict plus costs incurred as of the time of the offer of judgment. The post-offer costs--the very costs at issue by virtue of the rule's application--should not, however, also be included in the comparison and thereby become the vehicle to defeat the rule's purpose. This construction of Rule 68 appears to be instructed by Marek. See 473 U.S. at 7, 105 S.Ct. at 3015; see also Grosvenor v. Brienen, 801 F.2d 944, 948 (7th Cir.1986).
 
 
 9
 In Marek, where a similar claim to shift fees was made under different circumstances, the Supreme Court did allow a shifting of post-offer costs under Rule 68, including post-offer attorney's fees awarded under § 1988. The offer of judgment there was $100,000 and the verdict obtained was $60,000. Even though the total claim for attorney's fees exceeded $171,000, the Court considered, in making the Rule 68 comparison, only allowable costs and attorney's fees of $32,000 which had accrued prior to petitioner's offer. The Court observed that the post-offer costs "should not be included in the calculus" under Rule 68. Marek, 473 U.S. at 7, 105 S.Ct. at 3016. See also Grosvenor, 801 F.2d at 948 ("pre-offer attorney's fees must be added to the judgment award for the purposes of determining whether the result obtained by a plaintiff is more favorable than the offer of judgment he rejected").
 
 
 10
 We therefore hold that when evaluating, for Rule 68 purposes, the "judgment finally obtained" to determine whether it is more favorable to a plaintiff than an earlier offer of judgment by the defendants, the judgment finally obtained must include not only the verdict of the jury but also the costs actually awarded by the court for the period that preceded the offer. Thus, as of December 23, 1991, when defendants presented the offer to Marryshow to allow judgment against them in the amount of $20,000 including costs and attorney's fees, Marryshow had incurred somewhat more than 105 hours of attorneys' time in trial preparation, which, when valued on the basis actually adopted by the Court, amounted to slightly more than $11,800. When this amount is combined with the $14,500 verdict obtained, the sum exceeds the $20,000 offer of judgment, and, pursuant to Rule 68 the post-offer costs, including attorney's fees, are not to be shifted.
 
 II
 
 11
 The defendants also argue that Marryshow failed to comply with D.Md.R. 109.2,* thereby waiving any right to recover attorney's fees. They contend that the petition "was expressly filed on behalf of counsel, rather than on behalf of Marryshow." They also contend that the petition "was silent" as to the nature of the case, the claims on which plaintiff prevailed, how the figures were arrived at, whether the time records were kept contemporaneously, and plaintiff's justification for charging $175 per hour, including information about his customary fee and the customary fee in the community. When the defendants brought these alleged deficiencies to the attention of the trial court, the court permitted Marryshow to amend his petition. The defendants argue that, because the amended petition was not filed within 20 days of judgment, any claim for fees was waived by the terms of D.Md.R. 109.2 ("Non-compliance with these time limits [i.e. filing within 20 days] shall be deemed to be a waiver of any claim for attorney's fees.").
 
 
 12
 As originally filed, plaintiff's petition began: "Comes now, attorney Marlon Charles, counsel for plaintiff Derek Marryshow, to submit the following fees and costs related to the trial in the above indexed matter." There followed five single-spaced pages of daily time entries, giving for each date a description of the work done and the hours and minutes expended. Similarly, expenses were itemized by date, description, and amount. After noting that fees were claimed at $175 per hour, counsel for Marryshow "affirmed" that the "fees and costs represented [in the petition] are fair and just compensation pursuant to the work performed in the above-referenced matter." The total amount claimed was $34,270.83 in fees and $4,523.01 in expenses.
 
 
 13
 When the defendants challenged the original petition on the same grounds now raised on appeal, submitting a 43-page memorandum in support of their position, the court permitted counsel for Marryshow to amend. Counsel for Marryshow thereupon resubmitted the petition, filing it on behalf of Marryshow, and attached his affidavit and a memorandum explaining the fees, all substantially within the requirements of D.Md.R. 109.2. Although the magistrate judge noted that the amended petition still did not comply with "all the requirements," without specifying in what respect, we are at a loss about which requirement remained unsatisfied other than possibly the absence of a statement of those claims on which Marryshow did not recover, a fact well known to the court. The magistrate judge accepted the petition and allowed fees and costs, reducing (1) the charged rate for fees from $175 to $125 per hour for time spent in preparation for trial and on the trial itself, (2) the charged rate for travel time from $175 to $60 per hour, and (3) the overall sum by 10% because of plaintiff's failure "to prevail on all claims and/or against all defendants." The magistrate judge also disallowed certain expenses. In the end, Marryshow was awarded $20,808 in attorney's fees and $4,084 in expenses.
 
 
 14
 Defendant's principal argument is that D.Md.R. 109.2 requires that an attorney's fee petition be filed within 20 days of judgment and while the initial petition was timely filed, it did not satisfy the local rule and therefore was "a nullity." The defendants argue that the magistrate judge erred in permitting the plaintiff to file an amended petition out of time when the local rule provides expressly that noncompliance with time limits constitutes a waiver.
 
 
 15
 We acknowledge that if the plaintiff's initial petition was filed untimely the issue would be different. In this case, however, the petition was timely filed and only its amended version came after the 20-day time limit. When the date specified for filing court papers is not jurisdictional, broad discretion is given to the trial court to manage its docket. The court can in the ordinary course grant extensions and allow amendments in order to do substantial justice, and our review is limited to an abuse of discretion.
 
 
 16
 In this case all time entries and amounts were fully described in the original petition. While that petition did not amplify counsel's reasons for claiming $175 per hour, it did contain an affidavit that the fees claimed were reasonable. Defendants have shown no prejudice or even that they lacked necessary information to enable them to reply. Indeed, defendants fully responded and their arguments were considered. In the circumstances we find no abuse of discretion by the magistrate judge in permitting the plaintiff to amend.
 
 
 17
 We also hold that any amendment in this case relates back to the original filing date of the petition. We note that even with respect to the basic pleadings in a case, the rules permit a relation back. See Fed.R.Civ.P. 15. In the circumstances here, we conclude that a relation back of the amendment must be inferred from its allowance.
 
 
 18
 Finally, on defendants' challenge to the reasonableness of the fees awarded, we have carefully reviewed defendants' arguments and find that the magistrate judge was well within his discretion in making the award. See Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir.1986) (a trial court's award of attorney's fees is reviewed under an abuse of discretion standard).
 
 
 19
 Accordingly, the judgment of the district court is affirmed.
 
 
 20
 AFFIRMED.
 
 LUTTIG, Circuit Judge, dissenting:
 
 21
 A defendant's "offer to allow judgment ... with costs then accrued" must be compared with the "judgment finally obtained" by the plaintiff to determine under Fed.R.Civ.P. 68 whether the plaintiff must bear his post-offer costs. The majority holds that, for purposes of this comparison, the "judgment finally obtained" is not the amount that the jury or trial court awarded on the substantive cause of action, but rather the sum of this amount and the amount of pre-offer costs awarded to the plaintiff by the trial court. This holding contradicts the text of Rule 68, in which the phrase "judgment finally obtained" clearly relates only to the judgment on the plaintiff's substantive claim. It will frustrate the purpose of the Rule by inflating, for reasons unrelated to the merits of claims, the amount at which plaintiffs will be willing to settle disputes, thereby reducing the number of settlements that will be obtained under the Rule. And it conflicts not only with the prevailing practice in the federal courts, but also with the only decision in this Circuit that has considered the question. See Spencer v. General Elec. Co., 894 F.2d 651 (4th Cir.1990). I would hold that the "judgment finally obtained" refers only to the award on the underlying cause of action, exclusive of any costs or fees ordered by the trial court, and therefore I dissent.
 
 I.
 
 22
 The majority's interpretation of Rule 68 is supported by neither the text nor the purposes of the Rule, nor the prevailing practice of other federal courts, nor the cases cited by the majority.
 
 A.
 
 23
 Under Rule 68, a defendant may serve upon the plaintiff "an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued."[1] It is evident from this language that the offer to allow judgment relates only to the plaintiff's substantive claim. The Rule contemplates, in other words, that the defendant will offer (1) to allow judgment to be entered on the substantive claim for the amount specified in the offer, and (2) an amount in payment of costs then accrued.[2]
 
 
 24
 That the drafters understood the defendant's "offer to allow judgment" as exclusive of costs--an understanding that comports with common practice[3]--is clear from the structure and text of the Rule. The first portion of the first sentence of the Rule provides in relevant part that a defendant may serve upon the plaintiff "an offer to allow judgment ... for the money or property or to the effect specified in the offer." This language is then followed by a comma, after which appears the prepositional phrase, "with costs then accrued."
 
 
 25
 The fact that the phrase "with costs then accrued" is set off by a comma from the phrase "an offer to allow judgment ... for the money or property or to the effect specified in the offer," and that the preposition "with" is used instead of the preposition "for," confirms that the drafters viewed the "offer to allow judgment for the money or property specified in the offer" both as distinct from the offer as to costs and as related solely to the plaintiff's substantive claim. Had the drafters intended, as the majority holds, that the offer to allow judgment refer to both the substantive claim and the accrued costs, they would have had no need to include the prepositional phrase "with costs then accrued"; the accrued costs would be subsumed as a portion of the "money ... specified in the offer." Even if they had wished to provide explicitly that the defendant's offer of judgment would be as to costs as well, they would not have drafted the Rule as they did. They would have written the Rule so as to permit the defendant to "offer to allow judgment ... for the money or property or to the effect specified in the offer and for costs then accrued."
 
 
 26
 If there were any question that the drafters meant for the offer of judgment to relate only to the substantive claim, it was answered by the Supreme Court in Marek v. Chesny. In Marek, the Court held that the offer to allow judgment on the substantive claim is distinct from an offer as to costs, and that, indeed, the offer of judgment need not include or otherwise make any reference to costs:
 
 
 27
 [I]t is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid.
 
 
 28
 473 U.S. at 6, 105 S.Ct. at 3015.[4] If the "offer to allow judgment" referred to costs as well as to the substantive claim, then by force of the Rule the defendant's offer of judgment would have to include a specific amount for costs.
 
 
 29
 It follows from the fact that the "judgment" the defendant "offers to allow" relates only to the substantive claim, that the "judgment" the plaintiff "finally obtains" also relates only to the underlying substantive claim. It is axiomatic that the same term should be given the same meaning wherever it appears in the same provision, absent evidence of a contrary intention.
 
 B.
 
 30
 Apart from its conflict with the text, the majority's interpretation will frustrate the purpose of the Rule. "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek, 473 U.S. at 5, 105 S.Ct. at 3014; see also Advisory Committee Note on Rules of Civil Procedure, Report of Proposed Amendments, 5 F.R.D. 339, 482-83 (1946) (addition of various provisions, including language "judgment finally obtained," "should serve to encourage settlements and avoid protracted litigation"). The majority's interpretation will decrease plaintiffs' incentive to settle (although their likelihood of success on the merits will be no greater) by increasing substantially the likelihood that their "judgments finally obtained" will be more favorable than defendants' offers. In this case, for example, the plaintiff Marryshow obviously would have had less incentive to settle if he thought that he needed only to win more than $8,000 in damages--the amount of the defendant's offer, less pre-offer costs incurred--than he would have had if he thought that he needed to win more than $20,000.
 
 
 31
 By the same token, by inflating--for reasons unrelated to the merits of claims--the amount at which plaintiffs will be willing to settle disputes, the majority's interpretation will also reduce the number of settlements that will be offered by defendants. Some defendants will be financially unable to make an offer at the higher amounts required. Still others, even if able to do so, will simply refuse to pay the higher sums and instead take their chances on prevailing at trial. Thus, contrary to the Supreme Court's instruction that the Rule be construed so as to further its purpose of encouraging settlements, see Marek, 473 U.S. at 6, 105 S.Ct. at 3015 ("This construction of the Rule best furthers the objective of the Rule, which is to encourage settlements."); Delta Air Lines, Inc. v. August, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) ("Our interpretation of the Rule is consistent with its purpose. The purpose of Rule 68 is to encourage the settlement of litigation."), the majority has construed the Rule in a manner that in fact will decrease the settlement incentives of both parties.
 
 C.
 
 32
 The majority's interpretation of the term "judgment finally obtained" to include pre-offer attorney's fees is also inconsistent with the interpretation of the Rule followed by this court in the recent case of Spencer v. General Elec. Co., 894 F.2d 651 (4th Cir.1990), a case not cited by the majority. There, the defendants made a Rule 68 settlement offer of $10,000 plus attorneys' fees, job-related relief, and an injunction. The plaintiff rejected the offer, prevailed at trial, but received only nominal damages of one dollar. After trial, the district court awarded the plaintiff pre-offer fees of $52,179, local counsel fees of $2,252.20, and expenses of $2,278.20, but denied her request for post-offer fees on the ground that the defendant's offer of judgment was more favorable than the judgment that she finally obtained at trial.
 
 
 33
 We affirmed, reasoning contrary to the majority today, that "[t]he judgment [the plaintiff] finally obtained was for one dollar." Id. at 664. In determining whether the judgment finally obtained exceeded the defendant's offer, we did not, as the majority's opinion would require, include in the judgment finally obtained by the plaintiff the $56,709.40 in pre-offer costs awarded by the district court. We observed, in language apparently directed to a different aspect of the plaintiff's relief than costs but equally applicable to costs, that "common sense informs that often the relief a plaintiff obtains from a lawsuit is quite different from the judgment obtained from a lawsuit." Id. at 663.
 
 
 34
 Finally, the majority's interpretation is at odds with the interpretation employed in practice in the vast majority of federal courts outside our Circuit. See Cox v. Brookshire Grocery Co., 919 F.2d 354 (5th Cir.1990) (per curiam ) ($1,698.30 offer compared with $1,181 "judgment ultimately rendered"; $9,250 in fees not included in comparison); Zackaroff v. Koch Transfer Co., 862 F.2d 1263, 1264 (6th Cir.1988) ($250,000 offer compared with $170,700 in damages; $10,926.49 in pre-offer costs not included in comparison: "The Rule 68 offer of judgment made by defendants exceeded the amount ultimately awarded to plaintiff by the jury."); Bright v. Land O'Lakes, Inc., 844 F.2d 436 (7th Cir.1988) ($225,000 offer compared with both $250,000 in damages or $226,608.91--plaintiff's damages minus defendant's damages from counterclaim; pre-offer fees and costs awarded but not included in comparison); Crossman v. Marcoccio, 806 F.2d 329 (1st Cir.1986) ($26,000 offer compared with $5,010 in damages; $503.40 in pre-offer costs, see 108 F.R.D. 433, not included in comparison), cert. denied, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987); Real v. Continental Group, Inc., 653 F.Supp. 736 (N.D.Cal.1987) ($42,000 offer compared with $50,000 in damages; $202,140.53 in fees and costs not included in comparison); Stewart v. County of Sonoma, 634 F.Supp. 773 (N.D.Cal.1986) ($200,000 offer compared with $84,600 in damages; $154,440.15 in pre-offer fees and costs not included in comparison); Quintel Corp., N.V. v. Citibank, N.A., 606 F.Supp. 898 (S.D.N.Y.1985) (offer of $17,500 compared with $17,500 in damages; pre-offer costs not included in comparison); Waters v. Heublein, Inc., 485 F.Supp. 110 (N.D.Cal.1979) ($10,000 offer compared with $6,449 in damages and interest; $12,389.22 in pre-offer fees and costs not included in comparison); cf. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 295 (6th Cir.1989) (comparing $750 offer with $100 in damages and warning: "Plaintiffs will evaluate the offer differently knowing that the trial judge can tailor the results of the trial to avoid the imposition of costs if the judge so desires."); Johnson v. Penrod Drilling Co., 803 F.2d 867, 870 (5th Cir.1986) ("Rule 68 is a mandatory rule designed to operate automatically by a comparison of two clearly defined figures." (emphasis added)).
 
 D.
 
 35
 The majority cites two cases, Marek and Grosvenor v. Brienen, 801 F.2d 944 (7th Cir.1986), in support of its conclusion that logic and consistency with the Rule dictate that "like 'judgments' must be evaluated." Ante at 692. Marek does not support the majority's holding, and this Circuit has explicitly rejected the reasoning on which Grosvenor was premised.
 
 
 36
 The majority reasons that Marek supports its interpretation of the Rule because it assumes that the Supreme Court in Marek included pre-offer costs in the Rule 68 comparison. See id. at 692. Marek, however, did not address and had no reason to address the question of whether pre-offer costs should be included for purposes of comparing the defendant's offer with the judgment finally obtained by the plaintiff, because in that case the "judgment finally obtained" was less favorable than the offer, even with pre-offer costs included.[5] Marek addressed only whether to include post -offer costs in the comparison, a question that it answered in the negative. See 473 U.S. at 7, 105 S.Ct. at 3015.
 
 
 37
 The only other case relied upon by the majority is Grosvenor. The Seventh Circuit in Grosvenor, however, did not even purport to undertake a principled analysis of the Rule; it candidly rested its decision entirely on a policy determination that the Rule would have a detrimental effect on the "substantive policies of § 1988 [the civil rights fee-shifting statute], if pre-offer fees were not included in the comparative calculus." 801 F.2d at 946.[6] This court categorically rejected in Spencer the suggestion, accepted in Grosvenor, that "Rule 68 should be given an expansive interpretation to effectuate the strong public policies behind Title VII." 894 F.2d at 664. We explained there that
 
 
 38
 Rule 68 is a rule of procedure, not substance. Its purpose is to provide an efficient and neutral means to settle litigation, irrespective of the nature of the underlying disputes. As the Supreme Court noted in Chesny, Rule 68 does not, and was not intended to, favor either plaintiffs or defendants in civil rights litigation. And as the Court recently made clear in Martin v. Wilks [490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989) ], the Rules of Civil Procedure must not be warped to conform to the demands of Title VII litigation.
 
 
 39
 Id. (citations omitted); see also Marek, 473 U.S. at 10, 105 S.Ct. at 3017 ("There is no evidence ... that Congress, in considering § 1988, had any thought that civil rights claims were to be on any different footing from other civil claims insofar as settlement is concerned.").[7] Neither Marek nor Grosvenor, therefore, can be summoned in support of the majority's interpretation.
 
 E.
 
 40
 The defendants' Rule 68 offer in settlement of the plaintiff's claim in this case was $20,000. The jury returned a verdict against the defendants for $14,500, and the magistrate judge rendered judgment on this amount. Because in my view $14,500 represents the "judgment finally obtained" by the plaintiff, I believe that the defendants' offer was more favorable than the judgment obtained by the plaintiff. I would therefore hold that Rule 68 bars the plaintiff from recovering his post-offer costs.
 
 II.
 
 41
 Rule 68 does not address whether Marryshow is entitled to recover his pre-offer costs. As a "prevailing party," he may recover these costs under the relevant fee-shifting statute, 42 U.S.C. § 1988, if he complied with Local Rule 109 of the District of Maryland. The majority holds that, although Marryshow did not comply with the Local Rule, he is nonetheless entitled to recover his pre-offer costs. I disagree with this holding of the court, as well.
 
 
 42
 There are two petitions at issue, each of which failed for a different reason to comply with Local Rule 109. On January 27, 1992, Marlon Charles (Marryshow's attorney) filed a petition for fees on his own behalf.[8] This petition was invalid because Marryshow's attorney "has no personal right to an award of statutory attorney's fees," Soliman v. Ebasco Servs., Inc., 822 F.2d 320, 323 (2d Cir.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); see also Evans v. Jeff D., 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986) (plaintiff, not his lawyer, is "prevailing party" entitled to seek fees under § 1988). Indeed, this petition, as the trial court recognized, "did not comply in any respect with Local Rule 109.2.b." J.A. at 128 (emphasis added). The petition did not set forth "the nature of the case," "the claims as to which the party prevailed," "the claims as to which the party did not prevail," "the attorney's customary fee for such like work," "the customary fee for like work prevailing in the attorney's community," or "any additional factors which are required by the case law." See D.Md.R. 109.2.b. "Any motion requesting the award of attorney's fees must set forth" these elements. Id.
 
 
 43
 On February 14, 1992--more than twenty days after the entry of judgment--Marryshow filed a petition of his own, "by and through counsel." J.A. at 110. This petition, however, was untimely, for "any motion ... requesting the award of attorney's fees must be filed within twenty days of the entry of judgment.... [and] [n]on-compliance with these time limits shall be deemed a waiver of any claim for attorney's fees." D.Md.R. 109.2.a. Marryshow therefore never filed a petition that both complied with Local Rule 109.2.b and was timely under Local Rule 109.2.a. Indeed, there is no dispute that the petition of Marryshow's attorney was defective under Local Rule 109.2.b or that Marryshow's own petition was untimely under Local Rule 109.2.a.
 
 
 44
 Rather than abide by the Local Rule and deny Marryshow pre-offer costs, the majority fashions out of whole cloth a proviso to the Local Rule to the effect that a magistrate (and presumably the district court) in its discretion may grant exceptions to the plain language of the rule "in order to do substantial justice," ante at 693, and it concludes that the magistrate did not abuse its discretion in allowing the plaintiff to amend its petition. It then holds that "a relation back" of the plaintiff's untimely amended petition to his attorney's totally defective petition "must be inferred from its allowance." Id. at 694. In my view, the court is without authority to fashion the proviso and without record basis for inferring that the magistrate intended for the amendment to relate back to the original filing.
 
 
 45
 As to the proviso, while the district court has the authority to authorize discretionary departures from the requirements of its rules, the text of Local Rule 109 as it currently exists is without exception, admitting of no discretion. We recently admonished with respect to the very rule at issue in this case: "The district court is clearly authorized to adopt rules for establishing time limits for motions such as this one. Once it chose to adopt rules, the court, like all parties before it, must abide by them." Ortega v. Geelhaar, 914 F.2d 495, 498 (4th Cir.1990) (per curiam ) (vacating award of attorney's fees because district court "ignored" Local Rule 109.2 by considering untimely motion for those fees); see also Jackson v. Beard, 828 F.2d 1077 (4th Cir.1987) (denying attorney's fees to § 1983 plaintiff for failure to file timely petition under previous version of Local Rule 109). I see no alternative for this court other than to heed Ortega's admonition and give effect to the rule as it is written. In fact, I can discern no difference between what the court does in this case and what the district court did and was reversed for doing in Ortega.[9]
 
 
 46
 As to the court's inference that the magistrate judge intended a relation back of the amendment to the original filing, there is no record support for such an inference, and the court offers none. Marryshow never argued for a relation back and nothing in the magistrate judge's opinion remotely suggests that he ordered a relation back of the amendment.[10] If anything, it appears from the magistrate's holding that the amended petition still did not comply with "all the requirements" of the Rule, that he recognized the petition's untimeliness and mistakenly believed that he had the authority to excuse it.
 
 
 47
 I would hold, as did the trial court, that Marryshow failed to comply with Local Rule 109 but, unlike that court, that this failure prevents his recovery of pre-offer attorney's fees under 42 U.S.C. § 1988.
 
 III.
 
 48
 Because I would hold that Marryshow is barred under Rule 68 from recovering his post-offer costs and that he is barred from recovering his pre-offer costs by his failure to comply with Local Rule 109, I would reverse the magistrate judge's order, and I dissent from the court's opinion affirming that order.
 
 
 
 *
 The pertinent provisions of D.Md.R. 109.2 provide:
 
 
 a
 Time for filing. Unless otherwise provided by statute LR 109.2(c) or otherwise ordered by the Court, any motion (including motions filed under Fed.R.Civ.P. 11) requesting the award of attorney's fees must be filed within twenty days of the entry of judgment for all services performed prior thereto.... Non-compliance with these time limits shall be deemed to be a waiver of any claim for attorney's fees
 
 
 b
 Contents. Any motion requesting the award of attorney's fees must set forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention
 
 
 [1]
 The Rule provides in relevant part that:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.
 
 
 [2]
 Because "the drafters' concern was not so much with the particular components of offers, but with the judgments to be allowed against the defendants," see Marek v. Chesny, 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985), the Rule also permits the defendant to offer to allow judgment on the substantive claim, but to make no reference at all to the costs accrued. If the offer does not recite that costs are included, and an amount for costs is not specified, however, the Rule requires the district court to include in its judgment an amount for costs. Id
 
 
 [3]
 In this case, for example, the trial court entered an order, entitled "Judgment " stating:
 [I]t appearing that there is no just reason for delay in entering final judgment as between plaintiff Derek Marryshow and defendants James Flynn, Matthew Rhomba and Charles Cowling, IT IS, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure
 ORDERED AND ADJUDGED that final judgment Be and Is hereby entered in favor of plaintiff Derek Marryshow against defendants James Flynn and Matthew Rhomba in the Sum of Seven Thousand Five Hundred dollars ($7500.00) compensatory damages and against defendant James Flynn in the sum of Five thousand dollars ($5000.00) punitive damages, and defendant Matthew Rhomba in the sum of Two Thousand dollars ($2000.00) punitive damages and in favor of defendant Charles Cowling against Derek Marryshow.
 J.A. at 26-27 (emphases added). Five weeks later, the court entered a separate "order" for costs. Id. at 133.
 
 
 [4]
 The Court has adopted a similar construction of the term "judgment" in its decisions construing the Federal Rules of Civil Procedure. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (enunciating "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final " (emphases added)); Buchanan v. Stanships, Inc., 485 U.S. 265, 268, 108 S.Ct. 1130, 1132, 99 L.Ed.2d 289 (1988) (noting "sharp distinction between a judgment on the merits and an award of costs under Rule 54(d)" and cautioning that "a request for costs raises issues wholly collateral to the judgment in the main cause of action" (emphases added)); White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451-52, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (describing "request for attorney's fees under § 1988" as "rais[ing] legal issues collateral to the main cause of action" and "[u]nlike other judicial relief ... not compensation for the injury giving rise to the action")
 
 
 [5]
 In Marek, the offer was for $100,000, damages were $60,000, pre-offer costs were $32,000, and post-offer costs were $139,692.47. See 473 U.S. at 7, 105 S.Ct. at 3015
 
 
 [6]
 The only other decisions expressly including pre-offer costs in the comparison are O'Brien v. City of Greers Ferry, 873 F.2d 1115 (8th Cir.1989); Kessler v. Superior Care, Inc., 127 F.R.D. 513 (N.D.Ill.1989); Profitt v. Municipal Auth., 716 F.Supp. 845 (E.D.Pa.1989), aff'd w/o opinion, 897 F.2d 523 (3d Cir.1990); Staples v. Wickesberg, 122 F.R.D. 541 (E.D.Wis.1988); and Lawrence v. City of Phila., 700 F.Supp. 832 (E.D.Pa.1988). All simply follow Grosvenor, with little explanation or independent reasoning
 
 
 [7]
 Both the majority and the dissent in Marek recognized that the Rule applies to many fee-shifting statutes, covering a variety of substantive legal areas. See Marek, 473 U.S. at 8, 105 S.Ct. at 3016 (listing examples of such statutes); id. at 43, 105 S.Ct. at 3034 (Brennan, J., dissenting) (noting that "Congress has enacted well over 100 fee-shifting statutes")
 
 
 [8]
 Charles did not purport, at the time, to have filed the petition with Marryshow's authorization. See J.A. at 28-32
 
 
 [9]
 After assuming that the plaintiff's attorney's timely petition constituted the plaintiff's "initial" petition, the court goes to some length to emphasize that "if the plaintiff's initial petition [had been] untimely the issue would be different." Ante at 693. Under the court's rationale, however, the issue should not be any different. There is no apparent reason why a court should have "broad discretion ... to do substantial justice" by allowing an untimely amendment by a proper party to relate back and cure a timely, but otherwise flawed petition, filed by an improper party, but not the discretion to grant a simple extension of the petition filing date
 
 
 [10]
 Fed.R.Civ.P. 15 permits the relation back of certain pleadings, as the majority notes. See ante at 694. However, there is not even a hint of reliance upon this provision by the magistrate judge