81 F.3d 151
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
Jasper Lee SCOTT, Plaintiff,
v.
Walter BILBRO, Jr., Defendant-Appellant,
and
Jerry Thomas, individually and as Police Chief of the City
of Hampton; Billy Sanford, Officer, individually and as a
City of Hampton Police Officer; City of Hampton, a
municipal corporation, Defendants-Appellees.
Jasper Lee SCOTT, Plaintiff-Appellant,
and
United States of America, Plaintiff,
v.
Jerry THOMAS, individually and as Police Chief of the City
of Hampton; Billy Sanford, Officer, individually and as a
City of Hampton Police Officer; City of Hampton, a
municipal CORPORATION, Defendants-Appellees,
and
Walter Bilbro, Jr., Defendant.
Jasper Lee Scott, Plaintiff-Appellant,
and
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter BILBRO, Jr., Defendant-Appellant,
and
Jerry Thomas, individually and as Police Chief of the City
of Hampton; The City of Hampton, Virginia, a municipal
corporation; Billy Sanford, Officer, individually and as a
city Of Hampton Police Officer, Defendants-Appellees.
 Nos. 95-2005, 95-2041, 95-2421.
 United States Court of Appeals, Fourth Circuit.
 Decided April 3, 1996.
Argued March 6, 1996.
 
 ARGUED: Lawrence John Rosintoski, North Charleston, South Carolina; Herbert Wiley Louthian, Sr., LOUTHIAN & LOUTHIAN, Columbia, South Carolina, for Appellants. Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellees. ON BRIEF: J. Preston Strom, Jr., United States Attorney, Charleston, South Carolina, for Appellee United States; Sandra J. Senn, STUCKEY & SENN, Charleston, South Carolina, for Appellees Thomas, Sanford, and City of Hampton.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jasper Lee Scott appeals the district court's denial of his claim for attorney's fees under 42 U.S.C. § 1988, and Walter Bilbro, Scott's attorney, appeals various issues concerning the district court's imposition of sanctions on him pursuant to Fed.R.Civ.P. 11. Finding that the district court did not abuse its discretion in either instance, we affirm.
 
 
 2
 * In July 1994, Scott was awarded a judgment for $73.00 in his civil rights action against the City of Hampton, South Carolina, Police Chief Jerry Thomas, and Officer Billy Sanford (the Defendants). Despite Scott's minimal success, Bilbro moved for over $45,000 in attorney's fees and costs pursuant to 42 U.S.C. § 1988. The Defendants, however, responded by noting that they had served Bilbro with an Offer of Judgment (the Offer) pursuant to Fed.R.Civ.P. 68 for $7,500 in December 1993, which precluded Scott from recovering attorney's fees that were incurred after service of the Offer. See Marryshow v. Flynn, 986 F.2d 689, 691 (4th Cir.1993).
 
 
 3
 Before the district court, Bilbro initially denied that he received the Offer in December 1993; instead, he claimed that he did not receive the Offer until July 1994. But, when Bilbro was confronted by substantial evidence showing that he had received the Offer in December 1993, he subsequently claimed before the district court that he was never properly served with the Offer pursuant to Fed.R.Civ.P. 5(c) because the Defendants did not include or attach a certificate of service with the Offer.
 
 
 4
 After holding an evidentiary hearing, the district court found that Bilbro had violated Rule 11 and found him guilty of criminal contempt for violating 18 U.S.C. § 401(1). Accordingly, the district court fined Bilbro $5,000 for violating Rule 11 and ordered him to pay the attorney's fees ($9,828.91) that the Defendants had incurred in responding to Bilbro's fee petition. Additionally, the district court fined Bilbro $5,000 for violating § 401(1), but it ordered the fine to run concurrent with the fine for violating Rule 11. Finally, the district court found that it would be inappropriate to award Scott attorney's fees in light of his limited success and Bilbro's behavior. Bilbro and Scott then noted their appeals.
 
 II
 
 5
 Bilbro's major contention is that the district court abused its discretion by overlooking substantial evidence allegedly showing that he did not receive the Offer until July 1994. In the alternative, he contends that (1) he had a nonfrivolous argument that he was not properly served with the Offer because he did not receive a certificate of service, (2) the district court abused its discretion by not holding an evidentiary hearing concerning the time spent by the Defendants' attorneys responding to his fee petition, and (3) the district court's sanctions were excessive. Scott's lone contention is that the district court abused its discretion in denying him attorney's fees.
 
 
 6
 Our review and consideration of the pertinent case law, the record, and the parties' briefs and arguments have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district court for the reasons stated in the district court's very thorough and exhaustive opinions. Scott v. Thomas, C/A No. 9:93-1029 (D.S.C. April 19, 1995); Scott v. Thomas, C/A No. 9:93-1029-22 (D.S.C. June 19, 1995).
 
 AFFIRMED