DOUGLAS D. ROBERTS, Plaintiff-Appellee v. CARROLL E. SWAIN, JR., J.B. McCRACKEN and ALANA M. ENNIS, Defendants-Appellants

No. COA99-25

(Filed 16 November 1999)

**Costs— Rule 68—costs incurred after offer**

The trial court abused its discretion by awarding under Rule 68 costs and attorney fees incurred after an offer of judgment where the offer was for $50,000, the jury awarded $18,100 in damages, and the trial court added both attorney fees and costs before the offer and attorney fees and costs after the judgment to reach $87,334.69. Costs incurred after the offer of judgment should not be included in calculating the "judgment finally

obtained" under Rule 68. The correct calculation here totaled $40,667.10.

Appeal by defendants-appellants from judgment entered 16 October 1998 by Judge James C. Spencer, Jr. in Superior Court, Orange County. Heard in the Court of Appeals 23 September 1999.

*Michael F. Easley, Attorney General, by Bruce S. Ambrose, Harold F. Askins, Isaac T. Avery III, Christine Ryan, and Reuben Young, for the State.*

*Ronald W. Merritt for the plaintiff-appellee.*

WYNN, Judge.

N.C. Gen. Stat. § 1A-1, Rule 68 provides that a plaintiff who rejects a defendant's offer of judgment must bear the costs and attorney fees incurred after the offer of judgment if the "judgment finally obtained" is less favorable than the offer of judgment. The plaintiff in this case contends that attorney's fees awarded under 42 U.S.C. § 1988 are subject to this cost-shifting provision. Because we find that the "judgment finally obtained" in this case was less favorable than the offer of judgment, we conclude that the trial court abused its discretion in awarding the plaintiff costs and attorney's fees incurred after the offer of judgment.

Douglas D. Roberts brought a civil rights action against three University of North Carolina at Chapel Hill police officers alleging, *inter alia,* that their arrest of his person deprived him of his rights under 42 U.S.C. § 1983.[1] Based on this claim, Mr. Roberts sought a reasonable attorney's fee award under 42 U.S.C. § 1988. Specifically, § 1988 provides that "[i]n any action to enforce a provision of section[ ] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."

Before trial, the officers made an offer of judgment under Rule 68 of the North Carolina Rules of Civil Procedure, "for the total sum of $50,000.00, which include[d] all costs and attorney fees accrued at the time [the] offer [was] filed." Mr. Roberts, however, refused their offer of judgment.

---

1. Although the officers moved for summary judgment on the basis that their claims were barred by sovereign immunity and qualified immunity, the trial court denied their motion. This Court, in an earlier appeal, affirmed the trial court's denial of their motion. *See Roberts v. Swain,* 126 N.C. App. 712, 487 S.E.2d 760, *review denied by* 347 N.C. 270, 493 S.E.2d 746 (1997).

Following a trial on the matter, a jury awarded Mr. Roberts $18,100 in damages. Thereafter, to determine the "judgment finally obtained" for purposes of Rule 68, the trial court added Mr. Robert's attorney fees, incurred before the offer of judgment ($21,810), his costs before the offer ($757.10) to his attorney's fees incurred after the offer ($36,945), and his costs after the offer ($9,722.59), for a sum total of $87,334.69. Since that sum for the "judgment finally obtained" exceeded the officers' $50,000 offer of judgment, the trial court awarded Mr. Roberts all costs including attorney's fees awarded under 42 U.S.C. § 1988. This appeal followed.

On appeal, the officers assert that the trial court abused its discretion in calculating the "judgment finally obtained" under Rule 68 by including costs incurred after the offer of judgment. We agree.

Rule 68 provides that:

If judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay costs incurred after the making of the offer. . . .

N.C. Gen. Stat. § 1A-1, Rule 68 (1990).

Costs incurred under Rule 68 include attorney's fees recovered under 42 U.S.C. § 1988. *See Purdy v. Brown*, 307 N.C. 93, 96, 296 S.E.2d 459, 462 (1982) (stating that "attorney's fees under § 1988 are 'cost then accrued' within the meaning of that phrase as it is used in Rule 68"). And the phrase "judgment finally obtained" for purposes of Rule 68 means the amount ultimately entered as representing final judgment. *See Poole v. Miller*, 342 N.C. 349, 464 S.E.2d 409 (1995). Thus, the phrase encompasses more than just the jury's verdict determination. *Id.*

In this case, to reach the "judgment finally obtained" sum of $87,334.69 which exceeded the $50,000 offer of judgment, the trial court interpreted *Poole* to hold that the "judgment finally obtained" for purposes of Rule 68 encompassed all costs incurred after the offer of judgment. We, however, disagree with the trial court's application of *Poole* to this case.

In *Poole*, our Supreme Court addressed the narrow issue of whether the "judgment finally obtained" for purposes of Rule 68 equaled the jury verdict; it did not specifically address the issue of whether the costs incurred after the offer of judgment are included in calculating the "judgment finally obtained". *Id.*

In holding that the "judgment finally obtained" did not equal the jury verdict, the Supreme Court in *Poole* merely held that "judgment finally obtained" is calculated by using the jury verdict along with costs. *Id.* The Court in that case did not direct the trial court to include costs incurred after the offer of judgment in that calculation. The issue in this case is therefore novel to North Carolina: Should costs incurred after the offer of judgment be included in calculating the "judgment finally obtained" under Rule 68. We answer: No.

Although no other North Carolina case directly addresses this issue, we are guided by federal cases which do. *See House v. Hillhaven*, 105 N.C. App. 191, 412 S.E.2d 893 (1992). We note from the outset that Rule 68 of the Federal Rules of Civil Procedure is nearly identical to Rule 68(a) of the North Carolina Rules of Civil Procedure. *See* Fed. R. Civ. P. 68; N.C. Gen. Stat. § 1A-1, Rule 68; *see also Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989) (stating that "[t]he North Carolina Rules of Civil Procedure are, for the most part, verbatim recitation of the federal rules. . . . Decisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules."). Moreover, the purpose of Rule 68 of the Federal Rules of Civil Procedure, like Rule 68 of the North Carolina Rules of Civil Procedure, is to encourage settlement.

Significantly, the United States Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 87 L. Ed.2d 1 (1985) determined that Rule 68's policy of encouraging settlement was consistent with the policies and objectives of 42 U.S.C. § 1988 and in no way "cut against the grain" of § 1988.

> There is no evidence . . . that Congress, in considering § 1988, had any thought that civil rights claims were to be on any different footing from other civil claims insofar as settlement is concerned.

It follows that since our Courts have construed North Carolina's Rule 68 to be consistent with the federal Rule 68 that our Rule 68 is also consistent with the policies and objectives of § 1988—the grounds on which Mr. Roberts bases his claim for attorney's fees in the case *sub judice.*

In a case strikingly similar to the case at hand, the United States Court of Appeals for the Fourth Circuit reviewed an appeal from a trial court's award of attorney fees under 42 U.S.C. § 1988. *Marryshow v. Flynn*, 986 F.2d 689 (1993). In that case, the Fourth

Circuit held that the "judgment finally obtained" for purposes of Rule 68 of the Federal Rules of Civil Procedure included not only the verdict of the jury but also costs actually awarded by the court for the period that preceded the offer—not costs incurred after the offer of judgment. *Id.*

We agree with the holding in *Marryshow*. In calculating the "judgment finally obtained" under N.C.G.S. § 1A-1, Rule 68, the court should not include any costs incurred after the offer of judgment.

Since the trial court in the instant case included all costs and attorney's fees incurred before and after the offer of judgment in calculating the "judgment finally obtained", the court's calculation was erroneous. Instead, the trial court should have added the jury verdict to the costs and attorney's fees incurred before the offer of judgment to make its determination of the "judgment finally obtained". Using that formula, the correct calculation of the "judgment finally obtained" in the instant case would be the pre-offer of judgment costs of $757.10 plus the pre-offer of judgment attorney's fees of $21,810 plus the jury verdict of $18,100 for a total of $40,667.10, which is less favorable than the $50,000 offer of judgment. *See* N.C.G.S. § 1A-1, Rule 68.

Accordingly, we reverse the judgment of the Superior Court, Orange County and remand this case to that court for entry of judgment consistent with this opinion.

Reversed and remanded.

Judges HORTON and EDMUNDS concur.