DOUGLAS D. ROBERTS v. CARROLL E. SWAIN, JR., J.B. McCRACKEN AND ALANA M. ENNIS

No. 572PA99

(Filed 21 December 2000)

**Costs— Rule 68—costs and fees after judgment**

The trial court correctly applied N.C.G.S. § 1A-1, Rule 68 in an action arising from an unlawful arrest where defendants made an offer of $50,000 prior to trial, inclusive of costs and attorney's fees accrued to that date; plaintiff refused the offer of judgment and the jury awarded plaintiff $18,100 in damages; the trial court added plaintiff's attorney's fees and costs incurred before and after the offer of judgment for a total of $87,334.69; and, as that

**ROBERTS v. SWAIN**

[353 N.C. 246 (2000)]

sum exceeded the tender of judgment, awarded plaintiff all costs (including attorney's fees) under 42 U.S.C. § 1988. Under *Poole v. Miller*, 342 N.C. 349, "judgment finally obtained" was defined as the verdict modified by any applicable costs and such adjustments were not limited to pre-offer costs; costs incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the "judgment finally obtained" under Rule 68, even where attorney's fees are awarded under a federal statute.

Justice PARKER concurring.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 135 N.C. App. 613, 521 S.E.2d 493 (1999), reversing and remanding an order and judgment entered 21 September 1998 and a judgment entered 16 October 1998 by Spencer (James C., Jr.), J., in Superior Court, Orange County. On 6 April 2000, the Supreme Court allowed defendants' conditional petition for discretionary review as to an additional issue. Heard in the Supreme Court 14 September 2000.

*Bayliss, Hudson & Merritt, by Ronald W. Merritt, for plaintiff-appellant and -appellee.*

*Michael F. Easley, Attorney General, by Bruce S. Ambrose, Assistant Attorney General, for defendant-appellant and -appellee McCracken; Isaac T. Avery III, Special Deputy Attorney General, and Reuben F. Young, Assistant Attorney General, for defendant-appellant and -appellee Swain; and Christine Ryan, Assistant Attorney General, for defendant-appellant and -appellee Ennis.*

FRYE, Chief Justice.

According to the Court of Appeals, N.C.G.S. § 1A-1, Rule 68 provides that "a plaintiff who rejects a defendant's offer of judgment must bear the costs and attorney fees incurred after the offer of judgment if the 'judgment finally obtained' is less favorable than the offer of judgment." *Roberts v. Swain*, 135 N.C. App. 613, 614, 521 S.E.2d 493, 494 (1999). The question plaintiff raises in his petition for discretionary review is whether costs incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the "judgment finally obtained." We hold that they should and therefore reverse the Court of Appeals.

**ROBERTS v. SWAIN**

[353 N.C. 246 (2000)]

The facts of this case are not in dispute. On 18 January 1995, three police officers employed by the University of North Carolina at Chapel Hill (defendants) unlawfully arrested and detained Douglas D. Roberts (plaintiff) when plaintiff attempted to sell two basketball tickets outside the Dean E. Smith Center in Chapel Hill, North Carolina. Defendants handcuffed plaintiff, took him to the police station, and questioned him. Plaintiff resisted the unlawful detention, and defendants subdued him, causing injury to his shoulder. Defendants charged plaintiff with solicitation; resisting, delaying, and obstructing an officer; and assault on a government officer. All three charges were subsequently dismissed.

On 3 July 1995, plaintiff filed an action against defendants, alleging assault and battery, false imprisonment, malicious prosecution, negligent supervision, intentional deprivation of plaintiff's Fourth and Fourteenth Amendment rights, violation of 42 U.S.C. § 1983 by excessive force and unreasonable search and seizure, and intentional infliction of emotional distress. Based on his claim under 42 U.S.C. § 1983, plaintiff sought an award of reasonable attorney's fees under 42 U.S.C. § 1988.

On 20 November 1997, prior to trial, defendants made an offer of judgment under Rule 68 of the North Carolina Rules of Civil Procedure in the amount of $50,000, inclusive of costs and attorney's fees accrued at the time the offer was filed. Plaintiff refused the offer of judgment.

Following trial, the jury awarded plaintiff $18,100 in damages. The trial court added plaintiff's attorney's fees incurred before and after the offer of judgment in the sum of $58,755 and costs incurred before and after the offer of judgment in the amount of $10,479.69. The total sum awarded plaintiff was $87,334.69. As the sum for judgment finally obtained exceeded the tender of judgment for $50,000, the trial court awarded plaintiff all costs including attorney's fees under 42 U.S.C. § 1988. Defendants appealed.

In a unanimous, published opinion, the Court of Appeals reversed on the grounds that the trial court improperly included costs incurred after the offer of judgment when calculating the "judgment finally obtained." In its opinion, the Court of Appeals held: "In calculating the 'judgment finally obtained' under N.C.G.S. § 1A-1, Rule 68, the court should not include any costs incurred after the offer of judgment." *Roberts*, 135 N.C. App. at 617, 521 S.E.2d at 496. In light of this holding, the Court of Appeals determined that the "judgment finally

obtained" in the instant case was actually less favorable than the offer of judgment and that the trial court erred in its award of costs and attorney's fees. *Id.* On 6 April 2000, this Court allowed plaintiff's petition for discretionary review and defendants' conditional petition for discretionary review as to an additional issue.

Rule 68 of the North Carolina Rules of Civil Procedure provides in pertinent part: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." N.C.G.S. § 1A-1, Rule 68(a) (1999). Otherwise stated, if the "judgment finally obtained" is less favorable than the offer of judgment, a plaintiff who has rejected the offer of judgment must bear the costs and attorney's fees incurred after the offer of judgment. *Cf. Purdy v. Brown,* 307 N.C. 93, 96, 296 S.E.2d 459, 462 (1982) (for purposes of Rule 68, "costs then accrued" include attorney's fees recovered under 42 U.S.C. § 1988).

The phrase "judgment finally obtained" was defined by this Court in *Poole v. Miller,* 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995):

Thus, we construe the legislature's choice of the phrase "judgment finally obtained" as indicative of the legislature's intent that it is the amount ultimately and *finally* obtained by the plaintiff from the court which serves as the measuring stick for purposes of Rule 68. For these reasons, we conclude that, within the confines of Rule 68, "judgment finally obtained" means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict.

Applying this definition to the facts, this Court determined that the trial court properly included attorney's fees and costs, a portion of which accrued after the offer of judgment had been made, in calculating the "judgment finally obtained."

[D]efendant tendered a valid offer of judgment pursuant to Rule 68 for $6,000, together with costs accrued, which offer plaintiff failed to accept. The case proceeded to trial, and the jury returned a verdict in favor of plaintiff for $5,721.73. The trial court granted plaintiff's motion for recovery of reasonable attorney's fees in the amount of $2,000 and additionally taxed as costs against defendant filing and service fees, expert witness's fees and interest from the date of filing. Final judgment was then

entered in plaintiff's favor for the sum of $9,058.21, *portions of which reflect costs accrued after the offer of judgment.* The "judgment finally obtained" then, in this case, is the final judgment of $9,058.21 entered by the trial court. It is this sum, pursuant to the dictates of Rule 68, which must be compared to the amount of the offer of judgment to determine whether plaintiff is required to pay the costs incurred after the date the offer of judgment was tendered.

*Id.* at 354, 464 S.E.2d at 412 (emphasis added).

In spite of the disposition in *Poole*, in the case *sub judice*, the Court of Appeals held: "In calculating the 'judgment finally obtained' under N.C.G.S. § 1A-1, Rule 68, the court should not include any costs incurred after the offer of judgment." *Roberts*, 135 N.C. App. at 617, 521 S.E.2d at 496. In so holding, the Court of Appeals improperly adopted the reasoning of the dissent in *Poole*, which would have excluded post-offer costs in calculating the "judgment finally obtained."

The Court of Appeals reasoned that its holding was not inconsistent with this Court's holding in *Poole* because this Court narrowly held in *Poole* that the "judgment finally obtained" was not equal to the jury verdict. We note, however, that in *Poole* this Court broadly defined the "judgment finally obtained" as "the jury's verdict as modified by *any* applicable adjustments," *Poole*, 342 N.C. at 353, 464 S.E.2d at 411 (emphasis added), and did not limit such adjustments to pre-offer costs. Furthermore, as stated above, this Court in *Poole* approved the calculations performed by the trial court where the trial court had included post-offer costs in calculating the "judgment finally obtained."

In support of its holding, the Court of Appeals cited *Marryshow v. Flynn*, 986 F.2d 689 (4th Cir. 1993). In light of the precedent of *Poole*, it was unnecessary for the Court of Appeals to look to federal case law for guidance. Admittedly, a federal statute, 42 U.S.C. § 1988(b), provided the basis for awarding attorney's fees in the present case. However, this Court's holding in *Poole* was not limited to cases involving an award of attorney's fees and other costs under state statutes. North Carolina courts should not apply the federal approach to offers of judgment merely because a federal statute authorizes the award of attorney's fees. Rather, the meaning of Rule 68 of the North Carolina Rules of Civil Procedure is the same for all cases brought in North Carolina courts. As such, we hold that costs

**ROBERTS v. SWAIN**

[353 N.C. 246 (2000)]

incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the "judgment finally obtained," even where attorney's fees are awarded under a federal statute. We therefore reverse the Court of Appeals in order that the judgments of the Superior Court, Orange County, shall be reinstated.

As in *Poole*, defendants argue that including costs and attorney's fees incurred after an offer of judgment in calculating the "judgment finally obtained" discourages the settlement of cases. Plaintiff, citing examples, contends otherwise. In view of the precedent of *Poole*, including the dissenting opinion therein, we believe defendants' argument would be better addressed to the legislative branch of government. We thus reverse the decision of the Court of Appeals as to this issue.

Finally, having determined that defendants' conditional petition for discretionary review was improvidently allowed, we decline to address it.

REVERSED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.

Justice PARKER concurring.

The result reached by the majority is consistent with this Court's decision in *Poole v. Miller*, 342 N.C. 349, 464 S.E.2d 409 (1995). I dissented from the decision of the majority in *Poole*, and I continue to believe that the reasoning of my dissent in that case was correct. *Id.* at 355-57, 464 S.E.2d at 413-14. (Parker, J. dissenting, joined by Whichard, J.). However, the doctrine of *stare decisis*, which impels courts to abide by established binding precedent except in the most extraordinary circumstance, requires that I now accept *Poole* as authoritative and concur in the decision of the majority in the present case.