**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

JASPER LEE SCOTT,
<u>Plaintiff,</u>

v.

WALTER BILBRO, JR.,
<u>Defendant-Appellant,</u>

No. 95-2005

and

JERRY THOMAS, individually and as
Police Chief of the City of
Hampton; BILLY SANFORD, Officer,
individually and as a City of
Hampton Police Officer; CITY OF
HAMPTON, a municipal corporation,
<u>Defendants-Appellees.</u>

JASPER LEE SCOTT,
Plaintiff-Appellant,

and

UNITED STATES OF AMERICA,
Plaintiff,

v.

JERRY THOMAS, individually and as
Police Chief of the City of

Hampton; BILLY SANFORD, Officer,
individually and as a City of
Hampton Police Officer; CITY OF
HAMPTON, a municipal corporation,
Defendants-Appellees,

and

WALTER BILBRO, JR.,
Defendant.

No. 95-2041

2

JASPER LEE SCOTT,
Plaintiff-Appellant,

and

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WALTER BILBRO, JR.,
Defendant-Appellant,

No. 95-2421

and

JERRY THOMAS, individually and as
Police Chief of the City of
Hampton; THE CITY OF HAMPTON,
VIRGINIA, a municipal corporation;
BILLY SANFORD, Officer, individually
and as a City of Hampton Police
Officer,
Defendants-Appellees.

Appeals from the United States District Court
for the District of South Carolina, at Beaufort.
Cameron McGowan Currie, District Judge.
(CA-93-1029-9-22)

Argued: March 6, 1996

Decided: April 3, 1996

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

3

**COUNSEL**

**ARGUED:** Lawrence John Rosintoski, North Charleston, South Carolina; Herbert Wiley Louthian, Sr., LOUTHIAN & LOUTHIAN, Columbia, South Carolina, for Appellants. Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellees. **ON BRIEF:** J. Preston Strom, Jr., United States Attorney, Charleston, South Carolina, for Appellee United States; Sandra J. Senn, STUCKEY & SENN, Charleston, South Carolina, for Appellees Thomas, Sanford, and City of Hampton.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jasper Lee Scott appeals the district court's denial of his claim for attorney's fees under 42 U.S.C. § 1988, and Walter Bilbro, Scott's attorney, appeals various issues concerning the district court's imposition of sanctions on him pursuant to Fed. R. Civ. P. 11. Finding that the district court did not abuse its discretion in either instance, we affirm.

I

In July 1994, Scott was awarded a judgment for $73.00 in his civil rights action against the City of Hampton, South Carolina, Police Chief Jerry Thomas, and Officer Billy Sanford (the Defendants). Despite Scott's minimal success, Bilbro moved for over $45,000 in attorney's fees and costs pursuant to 42 U.S.C.§ 1988. The Defendants, however, responded by noting that they had served Bilbro with an Offer of Judgment (the Offer) pursuant to Fed. R. Civ. P. 68 for $7,500 in December 1993, which precluded Scott from recovering

4

attorney's fees that were incurred after service of the Offer. See Marryshow v. Flynn, 986 F.2d 689, 691 (4th Cir. 1993).

Before the district court, Bilbro initially denied that he received the Offer in December 1993; instead, he claimed that he did not receive the Offer until July 1994. But, when Bilbro was confronted by substantial evidence showing that he had received the Offer in December 1993, he subsequently claimed before the district court that he was never properly served with the Offer pursuant to Fed. R. Civ. P. 5(c) because the Defendants did not include or attach a certificate of service with the Offer.

After holding an evidentiary hearing, the district court found that Bilbro had violated Rule 11 and found him guilty of criminal contempt for violating 18 U.S.C. § 401(1). Accordingly, the district court fined Bilbro $5,000 for violating Rule 11 and ordered him to pay the attorney's fees ($9,828.91) that the Defendants had incurred in responding to Bilbro's fee petition. Additionally, the district court fined Bilbro $5,000 for violating § 401(1), but it ordered the fine to run concurrent with the fine for violating Rule 11. Finally, the district court found that it would be inappropriate to award Scott attorney's fees in light of his limited success and Bilbro's behavior. Bilbro and Scott then noted their appeals.

II

Bilbro's major contention is that the district court abused its discretion by overlooking substantial evidence allegedly showing that he did not receive the Offer until July 1994. In the alternative, he contends that (1) he had a nonfrivolous argument that he was not properly served with the Offer because he did not receive a certificate of service, (2) the district court abused its discretion by not holding an evidentiary hearing concerning the time spent by the Defendants' attorneys responding to his fee petition, and (3) the district court's sanctions were excessive. Scott's lone contention is that the district court abused its discretion in denying him attorney's fees.

Our review and consideration of the pertinent case law, the record, and the parties' briefs and arguments have revealed that this appeal is without merit. Accordingly, we affirm the judgment of the district

5

court for the reasons stated in the district court's very thorough and exhaustive opinions. <u>Scott v. Thomas</u>, C/A No. 9:93-1029 (D.S.C. April 19, 1995); <u>Scott v. Thomas</u>, C/A No. 9:93-1029-22 (D.S.C. June 19, 1995).

<u>AFFIRMED</u>

6